## IN THE UNITED STATE DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**JAS STORAGE PARTNERS, LTD**
**D/B/A ALPHA STORAGE,**

**PLAINTIFF,**

vs.                                                    **CIVIL ACTION NO. 4:19-cv-699**
                                                       **JUDGE_____**

**DEPOSITORS INSURANCE COMPANY,**

**DEFENDANT.**

### PLAINTIFF'S ORIGINAL COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW, **JAS STORAGE PARTNERS, LTD d/b/a ALPHA STORAGE** (hereinafter, referred to as Plaintiff), and files this, its **Original Complaint**, and for causes of action against DEPOSITORS INSURANCE COMPANY (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

### PARTIES AND SERVICE OF PROCESS

1.      Plaintiff **JAS STORAGE PARTNERS, LTD** owns the property located at 307 South Butler Drive, Allen, Texas 75013 that is the subject of this lawsuit and is situated in Collin County, Texas. **JAS STORAGE PARTNERS, LTD** is a domestic limited partnership whose general partner is Treasure Star Property Fund, Inc. Treasure Star Property Fund, Inc. was incorporated and has its principal place of business in Texas.

2.      Defendant, DEPOSITORS INSURANCE COMPANY is a foreign insurance company licensed to transact insurance in the State of Texas with its principal place of business located at 1100 Locust Street, Des Moines, IA 50391. Defendant may

be served with personal service by a process server, by serving its Attorney for Service, Corporation Service Company located at 211 East 7th Street, Suite 620, Austin, Texas, 78701.

## STATUTORY AUTHORITY

3.     This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq*., 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4.     This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5.     This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6.     Defendant has been provided written notice of the claims made by Plaintiff in this complaint, including a statement of Plaintiff's actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.

7.     All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8.     This lawsuit arises out of the following transactions, acts, omissions, and/or events.  A hailstorm struck East Texas on April 6, 2018 and caused damage

throughout the region. On or about April 6, 2018, Plaintiff's property sustained damages as a result of the hailstorm.

9.      Plaintiff submitted a claim to Defendant, DEPOSITORS INSURANCE COMPANY, pursuant to the contract of insurance, for damages to the property as a result of the hailstorm and asked Defendant, DEPOSITORS INSURANCE COMPANY to honor its contractual obligations and cover the cost of repairs to the property.

10.     Defendant, DEPOSITORS INSURANCE COMPANY, accepted the Plaintiff's claim and assigned a claim number of 745748-GH.

11.     Defendant, DEPOSITORS INSURANCE COMPANY assigned independent adjuster, J'aime Joiner to investigate and evaluate the claim. Mr. Joiner inspected the property on September 5, 2018, noting that there was hail damage to the roofs, but the hail strikes were old. Mr. Joiner failed to consider that the hailstorm had damaged the roof (5) months prior to his inspection.

12.     Following Mr. Joiner's inspection, Defendant, DEPOSITORS INSURANCE COMPANY, failed to accept or deny coverage for Plaintiff's claim within the deadlines allowed under Texas law and failed to reserve its rights to further investigate the claim.

13.     Plaintiff then hired Loy Vickers of Empire Public Adjusters, Inc. to inspect the property for damages from the windstorm, properly investigate and evaluate the claim and communicate with Defendant and its representatives regarding the claim.

14.     Mr. Vickers inspected the property and determined that the property was damaged by hail and water intrusion. He generated his estimate of damages and

submitted an executed Proof of Loss to Defendant on behalf of the Plaintiff in the amount of $612,206.11.

15.     Defendant, DEPOSITORS INSURANCE COMPANY, hired Envista Forensics to assist on the claim. Jason Haisler of Envista Forensics inspected the property on October 11, 2018. Mr. Haisler's report which was not prepared until November 12, 2018 stated that the buildings were damaged by mechanical damages, historical hail and separated flashing.

16.     Thereafter on November 19, 2018, Defendant, DEPOSITORS INSURANCE COMPANY sent a letter stating that the damages were due to normal wear and tear, and unreasonably denied Plaintiff's claim.

17.     Even though the property had sustained extensive damages from the hailstorm, Mr. Joiner and Mr. Haisler ignored hail created damages to the roofs that supported coverage under the policy.  Mr. Joiner and Mr. Haisler completed results oriented, unreasonable inspections, failed to document all the covered hail damages to the property, ignored facts supporting coverage and improperly denied Plaintiff's damages.

18.     Plaintiff did not agree with Mr. Joiner and Mr. Haisler's assessment of the damages to its property.

19.     Loy Vickers determined that Plaintiff's property damages were grossly undervalued by Mr. Joiner and Mr. Haisler and DEPOSITORS INSURANCE COMPANY. Plaintiff then hired Richard Clarke of Risk Protection Services to inspect the property and determined that there was hail damage to the property.  Mr. Clarke provided an estimate of damages in the amount of $505,776.60.

20.     Defendant, DEPOSITORS INSURANCE COMPANY relied upon Mr. Joiner and Mr. Haisler's inaccurate and unreasonable reports to deny the Plaintiff's damages.  Furthermore, Defendant, DEPOSITORS INSURANCE COMPANY failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

21.     Based on the improper, inadequate, and incomplete investigation of DEPOSITORS INSURANCE COMPANY, and its representatives, the Plaintiff received a denial of its damages.

22.     To date Plaintiff has yet to receive full payment on its hailstorm claim.

23.     Defendant, DEPOSITORS INSURANCE COMPANY ignored the information provided by the Plaintiff and its public adjuster. Instead, Defendant, DEPOSITORS INSURANCE COMPANY chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

24.     Defendant, DEPOSITORS INSURANCE COMPANY failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, STATE FARM LLOYDS - COUNT I - BREACH OF CONTRACT

25.     Each of the foregoing paragraphs is incorporated by reference in the following.

26.     Plaintiff and Defendant DEPOSITORS INSURANCE COMPANY executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 307 South Butler Drive, Allen, Texas 75013.  The policy

provides coverage for the peril of hail such as those sustained during the hailstorm, among other perils.

27.     All damages and loss to the Plaintiff's property were caused by the direct result of a peril for which Defendant DEPOSITORS INSURANCE COMPANY insured the Plaintiff, pursuant to the policy herein, specifically, the perils of wind and rain.

28.     Defendant, DEPOSITORS INSURANCE COMPANY sold the subject insurance policy to Plaintiff insuring the subject insured property in its "as is" condition.

29.     Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the hail that occurred during the hailstorm.

30.     Plaintiff submitted a claim to Defendant, DEPOSITORS INSURANCE COMPANY pursuant to the contract of insurance for damages as a result of hail that occurred during the hailstorm.

31.     Plaintiff provided Defendant, DEPOSITORS INSURANCE COMPANY, with proper notice of damage to the exterior and interior of the subject insured property.

32.     Defendant, DEPOSITORS INSURANCE COMPANY ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

33.     DEPOSITORS INSURANCE COMPANY by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

34.     DEPOSITORS INSURANCE COMPANY by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the hail damages to the subject property.

35.     As of this date DEPOSITORS INSURANCE COMPANY by and through its adjusters and representatives have failed to pay for the hail damages to Plaintiff's property.

36.     Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

37.     Defendant, DEPOSITORS INSURANCE COMPANY, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

38.     Defendant, DEPOSITORS INSURANCE COMPANY has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

39.     As of this date Defendant, DEPOSITORS INSURANCE COMPANY continues to be in breach of the contract.

40.     DEPOSITORS INSURANCE COMPANY ignored the information provided by Plaintiff and its public adjuster during the handling of the claim and did not indemnify Plaintiff for the full amount of the covered damages.

41.     DEPOSITORS INSURANCE COMPANY failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

42.     The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

43.     Each of the foregoing paragraphs is incorporated by reference in the following.

44.     Defendant DEPOSITORS INSURANCE COMPANY is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1.     Misrepresenting a material fact or policy provision relating to coverage at issue;

   a.   Making an untrue statement of material fact. DEPOSITORS INSURANCE COMPANY through its agents, employees, or consultants prepared an estimate of damages that was misleading as to the value of damages to the subject property.

   b.   Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made.  DEPOSITORS INSURANCE COMPANY through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the building and property in order to more accurately investigate and evaluate the damages resulting from the covered perils of hail.

    c.  Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. DEPOSITORS INSURANCE COMPANY through its agents, employees, or consultants advised Plaintiff and its public adjuster in a letter dated November 19, 2018 that it had investigated and evaluated the damages to the subject property resulting from the April 6, 2018 hailstorm and concluded its coverage determination, thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear DEPOSITORS INSURANCE COMPANY failed to consider reports provided by Plaintiff and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

3.    Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

4.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. DEPOSITORS INSURANCE COMPANY through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the building

at the subject insured property in order to properly evaluate the extent and value of damages resulting from the hailstorm event of April 6, 2018.

45.     Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT

46.     Each of the foregoing paragraphs is incorporated by reference here fully.

47.     Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

48.     Specifically, Defendant failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiff why it needed more time, as required by Tex. Ins. Code 542.056.

49.     Defendant failed to timely conduct a proper investigation of the damages to the subject property resulting from a covered peril. resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

50.     Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster, which made liability reasonably clear, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

51.     DEPOSITORS INSURANCE COMPANY ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make adequate payment.

52.     DEPOSITORS INSURANCE COMPANY, upon receipt of the Richard Clarke report from Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

53.     Each of the foregoing paragraphs is incorporated by reference here fully.

54.     Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

55.     Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

56.     Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing

full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

57.     DEPOSITORS INSURANCE COMPANY ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make adequate payment.

58.     DEPOSITORS INSURANCE COMPANY failed to make any payment after receipt of the additional information from the public adjuster and Richard Clarke, when DEPOSITORS INSURANCE COMPANY knew or should have known liability was reasonably clear.

### COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

59.     Each of the foregoing paragraphs is incorporated by reference here fully.

60.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, DEPOSITORS INSURANCE COMPANY and the products and services form the basis of this action.

61.     Defendant DEPOSITORS INSURANCE COMPANY has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a.  By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendant DEPOSITORS INSURANCE COMPANY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

   b.  Generally engaging in unconscionable courses of action while handling the claim; and/or

    c.  Violating the provisions of the Texas Insurance Code, as further
described elsewhere herein.

## KNOWLEDGE AND INTENT

62.    Each of the acts described above, together and singularly, was done
"knowingly" and "intentionally" and was a producing cause of Plaintiff's damages
described herein.

## DAMAGES AND PRAYER

63.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complain
of Defendant DEPOSITORS INSURANCE COMPANY's acts and omissions and pray
that, Defendant be cited to appear and answer and that upon a final trial on the merits,
Plaintiff recover from Defendant the following:

64.    Plaintiff would show that the aforementioned acts, taken together or
singularly, constitute the proximate and/or producing causes of damages sustained by
Plaintiff.

65.    For breach of contract by Defendant, DEPOSITORS INSURANCE
COMPANY, Plaintiff is entitled to regain the benefit of its bargain, which is the amount
of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec.
38.001 *et seq.*

66.    For noncompliance with the Texas Unfair or Deceptive Practices Act by
Defendant, DEPOSITORS INSURANCE COMPANY, Plaintiff is entitled to actual
damages, which includes the loss of the benefits that should have been paid pursuant to
the policy, including but not limited to direct and indirect consequential damages, mental
anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of,

Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq.*

67.     For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, DEPOSITORS INSURANCE COMPANY, Plaintiff is entitled to the amount of its claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq.* and 542.060 *et seq.*

68.     For violations of the common law duty of good faith and fair dealing by Defendant, DEPOSITORS INSURANCE COMPANY, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

69.     For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant DEPOSITORS INSURANCE COMPANY, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq.*

## **JURY DEMAND**

70.     Plaintiff respectfully demands a **<u>trial by jury</u>**.


Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: /s/ *Phillip N. Sanov*
**PHILLIP N. SANOV, Bar No. 17635950**
**CARLA R. DELPIT, Bar No. 2248226**
**One Galleria Tower**
**2700 Post Oak Blvd., 21st Floor**
**Houston, Texas 77056**
**Telephone:    (832) 583-5663**
**Facsimile:     (504) 313-3820**
**Email: psanov@panditlaw.com**
**          cdelpit@panditlaw.com**

**ATTORNEYS FOR PLAINTIFF**
**JAS STORAGE PARTNERS, LTD d/b/a**
**ALPHA STORAGE**